## COMMONWEALTH vs. WILLIAM PRATT.

Bristol.    Oct. 25. — Nov. 23, 1887.    C. ALLEN & KNOWLTON, JJ., absent.

At the trial of a complaint for an unlawful sale of intoxicating liquor to a person unknown to the complainant, the defendant put in the testimony of one M., that he told the complainant, about a week before the complaint was made, the name of the person to whom the unlawful sale relied on was made. The complainant testified, in answer to the question whether he knew, when he made the complaint, the name of the person to whom the sale was made, that he did not know the man. On cross-examination, he testified that he did not remember that M. told him the name of the person who bought and paid for the liquor; that he could not say, and would not like to say, that he did or did not tell him the name of the person. *Held*, that the question was properly submitted to the jury, whether the allegation that the name of the person to whom the sale was made was unknown to the complainant was sustained by the evidence.

COMPLAINT, made on April 24, 1887, for an unlawful sale of intoxicating liquor to a person to the complainant unknown, on April 17, 1887. At the trial in the Superior Court, before *Knowlton*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*T. F. Desmond*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

DEVENS, J.    The complaint contained an allegation of an unlawful sale of liquor by the defendant to a person unknown. The defendant at the trial put in evidence the statement of one

Morancy, that he told the complainant, on April 17, the name of the person to whom the unlawful sale of liquor relied on was made. The complainant testified, in answer to the question whether, when he made the complaint, he knew the name of the person to whom the sale was made, that he did not know the man. On cross-examination, he further testified that he did not remember that Morancy told him the name of the person who bought and paid for the liquor; that he could not say, and would not like to say, that he did or did not tell the name of the person.

Upon this evidence, the court rightly refused the motion of the defendant to order the defendant acquitted, and submitted the case to the jury upon the inquiry whether the allegation that the name of the person to whom the sale was made was in fact unknown to the complainant was sustained by the evidence.

If the fullest credence be given to Morancy's testimony, it does not necessarily follow that, at the time of making the complaint, about a week after, on April 24, the complainant then knew and remembered the name of the person. The question before the court was not what the complainant might with reasonable diligence have ascertained, or what he ought to and might have known if he had remembered what had been previously told him, but what he actually knew. This was to be determined by the jury as a question of fact. The presiding justice could not rule, as matter of law, that, because the complainant had been once informed of the name of the person to whom the liquor was sold, it was known to him at the time of making the complaint.

For similar reasons, the defendant was not entitled to the second and fourth instructions asked.* *Commonwealth* v. *Sherman,* 13 Allen, 248. *Commonwealth* v. *Glover,* 111 Mass. 395, 401.

*Exceptions overruled.*

---

* The second and fourth instructions requested were as follows : " 2. The complainant is bound to describe the person by such name as was given to him. He must give the best name he can." " 4. If the complainant was told, before making the complaint, that the person buying the liquor was Abe Taber, then he was bound to describe such person by such name in such complaint, if that was the best name he could give him."